IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Cortina Alderson, | ) |
| Plaintiff, | ) |
| v. | ) No.  1:19-cv-1346 |
| Harris & Harris, Ltd., an Illinois corporation, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Cortina Alderson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Cortina Alderson, ("Alderson"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed for medical services.

4. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, Harris was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Harris is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant Harris conducts business in Indiana.

6. Defendant Harris is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. On December 17, 2018, Ms. Alderson filed a Chapter 13 bankruptcy petition in a matter styled In re: Alderson, S.D. Ind. Bankr. No. 18-09349-RLM-13.  Among the creditors listed in the bankruptcy were various medical debts that Defendant Harris was collecting.

8. Accordingly, on December 19, 2018, Defendant Harris was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as Exhibit C.

9. Nonetheless, Defendant Harris sent Ms. Alderson collection letters, dated December 20, 2018 and December 31, 2018, demanding payment of medical debts she allegedly owed.  Copies of these collection letters are attached as Group Exhibit D.

10. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff

believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA.

11. All of Defendant Harris' collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of debts that are subject to a pending bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant Harris' violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19.     Here, the bankruptcy and the notice issued by that court (Exhibit C) provided notice to cease communications and cease collections.  By communicating regarding the debts and demanding payment (Group Exhibit D), Defendant violated § 1692c(c) of the FDCPA.

20.     Defendant Harris' violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

21.      Plaintiff adopts and realleges ¶¶ 1-12.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23.     Defendant Harris was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with her debts.  Defendant was

4

aware of Plaintiff's bankruptcy before it sent out the collection letters.

24. By sending collection letters directly to Ms. Alderson, despite notice that she was represented by bankruptcy counsel in connection with these debts, Defendant violated § 1692c(a)(2) of the FDCPA.

25. Defendant Harris' violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Cortina Alderson, prays that this Court:

1. Find that Defendant Harris' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Alderson, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cortina Alderson, demands trial by jury.

Cortina Alderson,

By:/s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: April 3, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
Sawin, Shea & Steinkamp
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com